**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DWAYNE L. SAMPLE, | DOCKET NUMBER |
| Appellant, | SF-0845-19-0643-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: December 10, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dwayne L. Sample, Colorado Springs, Colorado, pro se.

Carla Robinson, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision issued by the Office of Personnel Management (OPM), which determined that: (1) he had received an overpayment of $12,210.00 in disability retirement annuity benefits under the Federal Employees' Retirement

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

System (FERS), and (2) he was not entitled to a waiver of the recovery. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the portion of the initial decision that adjusted OPM's proposed repayment schedule, we AFFIRM the initial decision.

The appellant contends that, because he filed for chapter 7 bankruptcy in 2017 and received a discharge of debt, he was relieved of any financial obligations associated with the subject overpayment. Petition for Review (PFR) File, Tab 1 at 4-10, Tab 5 at 3, 7, Tab 6 at 4. We do not agree. The appellant's discharge of debt pursuant to 11 U.S.C. § 727 occurred on May 22, 2017, PFR File, Tab 6 at 4, prior to the subject overpayment, which accrued from July 1, 2018, through April 30, 2019, Initial Appeal File (IAF), Tab 20 at 21.

Thus, the appellant's chapter 7 bankruptcy case is not material to the outcome of this appeal.[2]

In her initial decision, the administrative judge modified OPM's proposed repayment schedule based on the appellant's financial hardship. IAF, Tab 79, Initial Decision (ID) at 9-13. However, the Board's jurisdiction is limited to actions or orders by OPM affecting the appellant's "rights or interests" under FERS, i.e., the existence and amount of his FERS annuity overpayment. *See* 5 U.S.C. § 8461(e)(1); *see also Fletcher v. Office of Personnel Management*, 118 M.S.P.R. 632, ¶ 7 (2012) (stating that the Board's statutory authority extends only to OPM actions or orders that adversely affect an individual's rights or interests under FERS). Insofar as OPM is not seeking to collect the appellant's debt through deductions from annuity payments or administrative offset to some other recurring payment of benefits, we find that OPM's repayment schedule is unrelated to his rights or interests under FERS and, therefore, outside the scope of the Board's jurisdiction.[3]

In this regard, we find that the facts of the instant appeal are identical in all material respects to those in *Fearon v. Office of Personnel Management*, 107 M.S.P.R. 122 (2007).[4] In that case, the appellant was overpaid in disability retirement annuity because she did not notify OPM promptly after she was restored to earning capacity. *Fearon*, 107 M.S.P.R. 122, ¶¶ 2-3. The Board had

---

[2] To support his argument, the appellant provides additional documents regarding his chapter 7 bankruptcy case that were not included in the record before the administrative judge. PFR File, Tab 1 at 4-10. However, we find that these documents are not material to the outcome of this appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

[3] Although the appellant indicated on a Financial Resources Questionnaire that he was receiving $3,279.22 per month in unspecified disability benefits, IAF, Tab 32 at 4, OPM's collection efforts did not involve these disability benefits, IAF, Tab 20 at 21-23.

[4] Although *Fearon* involved a Civil Service Retirement System (CSRS) annuity, the relevant statutory provisions of CSRS and FERS contain nearly identical language. *Compare* 5 U.S.C. § 8347(d)(1), *with* 5 U.S.C. § 8461(e)(1).

jurisdiction to review the existence and amount of the overpayment, as well as the appellant's entitlement to a waiver of recovery because those issues affected her rights or interests under the retirement statute. *Id.*, ¶ 15. However, the Board held that it lacked jurisdiction to adjust the recovery schedule:

> If the appellant were receiving a [retirement] annuity, then a reduction in that annuity to recover an overpayment would also affect her rights and interests under [the retirement statute], and would also fall within our jurisdiction. The appellant is not receiving such an annuity, however, and OPM's attempts to recover the overpayment by other means, whether by persuading her to enter into a repayment agreement, or by referring the matter to the Department of the Treasury or the Department of Justice, do not affect her rights or interest under [the retirement statute]. We therefore lack the authority to adjudicate the appellant's possible entitlement to an adjustment of the recovery schedule.

*Fearon*, 107 M.S.P.R. 122, ¶ 15. Following *Fearon*, the Board took the same approach in *Zelenka v. Office of Personnel Management*, 107 M.S.P.R. 522 (2007).

Accordingly, we vacate the initial decision only insofar as the administrative judge adjusted OPM's proposed repayment schedule. ID at 9-13. The initial decision otherwise remains the Board's final decision in this matter. Although the Board has vacated the initial decision to the extent that it ordered an adjustment of the proposed repayment schedule, nothing in this Final Order prevents the appellant from submitting an updated Financial Resources Questionnaire to OPM and requesting an adjustment to the repayment schedule. *See* 5 C.F.R. §§ 845.301, .304-.305, .307(b).[5]

---

[5] While the petition for review in this case was pending, the appellant filed another Board appeal in which he challenged OPM's December 9, 2022 reconsideration decision denying his January 24, 2022 application for disability retirement following a period of employment with the Bureau of Prisons. *Sample v. Office of Personnel Management*, MSPB Docket No. DE-844E-23-0084-I-1, Initial Decision (Aug. 2, 2023). The Board issued an initial decision reversing OPM's decision and ordering OPM to approve the appellant's 2022 application. *Id.* That initial decision became the Board's final decision when neither party filed a timely petition for review. Therefore, it appears that the appellant is again receiving a disability retirement annuity. If OPM attempts to recover the overpayment at issue in this case from the appellant's future annuity

**NOTICE OF APPEAL RIGHTS**[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

payments, the Board would have jurisdiction over any challenge to the terms of that recovery following OPM's issuance of a final decision in the matter. 5 C.F.R. § 841.308.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.